UNITED STATES of America

v.

Lizette MORICE, Appellant.

No. 09–2218.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Feb. 8, 2010.

Filed: March 11, 2010.

Frank R. Costello, Jr., Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Catherine C. Henry, Esq., Brett G. Sweitzer, Esq., Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before: SLOVITER, ROTH, and TASHIMA,* Circuit Judges.

OPINION

SLOVITER, Circuit Judge.

**I.**

Pursuant to a plea agreement, appellant Lizette Morice pled guilty to seven counts of mail fraud in violation of 18 U.S.C. § 1341. The conduct with which Morice was charged was execution of a "Ponzi-type" scheme in which would-be investors contributed funds to Gaddel Enterprises, a company that Morice represented was in the business of buying tax-foreclosed real estate in New Jersey and reselling it at a profit. In fact, no properties were ever purchased and the money received from subsequent investors was used to pay prior investors. The investors lost a total of approximately $7,259,950. Investors were paid a total of $5,547,410.25 from the same

---

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

accounts. Approximately $1.5 million was spent on salaries and office expenses. Morice retained approximately $200,000 for her own use.

Gaddel ceased operations after its offices were searched by the FBI in the Fall of 2007. Even after that, Morice did not stop her activities, soliciting money from the mother of a friend of her daughter on the ground that she was terminally ill. The woman gave Morice $500 and loaned her $5,800, and in return, Morice told the woman that she would make her the executor of her will and gave her a copy of a false will. Her use of the fraudulent will led to her arrest, and ultimately the present charges.

Following Morice's guilty plea, the probation officer prepared a Pre–Sentence Investigation Report ("PSR") which reported that Morice had two prior theft convictions, resulting in two criminal history points and a criminal history category of II. That, with an offense level of 33, resulted in a Guidelines range of 108–135 months imprisonment.

Morice filed what she denominated a motion for departure and variance, seeking a sentence of probation with a condition of home confinement. The bases she listed were:

(1) the extraordinary and compelling circumstance of the death, a month before sentencing, of Ms. Morice's mother—the one family member capable of caring for Ms. Morice's two minor children (analogizing to U.S.S.G. § 1B1.13);

(2) extraordinary family ties and responsibilities, under U.S.S.G. § 5H1.6, based on Ms. Morice's need to care for her children;

(3) Ms. Morice's minimal pecuniary gain from the scheme, as compared to the amount of money involved (U.S.S.G. § 5K2.0); and

(4) that the offense level in this case overstated the seriousness of the offense, under U.S.S.G. §§ 2B1.1, comment. (n.19(C)) & 5K2.0.

Appellant Br. at 5–6.

At the sentencing hearing Morice argued as additional mitigating factors that she was not motivated by greed, but by a serious psychological problem involving the need to pretend to be something she is not in order to win people's approval, and a clinical psychologist's conclusions that she had a major depressive disorder, generalized anxiety disorder, and personality disorder.

The District Court imposed a 120–month sentence, near the middle of the Guidelines range, followed by a 36–month term of supervision release. Morice appeals.[1]

## II.

Before us Morice contends that the sentence is procedurally unreasonable because (1) the District Court never expressly ruled on Morice's motions for downward departure, and (2) the District Court provided no explanation for the sentence imposed beyond a rote statement of the sentencing factors set forth in 18 U.S.C. § 3553(a). We reject both arguments.

We have set forth a three-step procedure for district courts in this circuit to follow in sentencing under the Guidelines:

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before the decision in *United States v. Booker,* 543 U.S. 200 [220] 246 [125 S.Ct. 738, 160 L.Ed.2d 621] (2005).

(2) In doing so, they must formally rule on the motions of both parties and state

---

1. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.

(3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006).

Morice contends that the District Court failed to follow step two of *Gunter* because it never expressly ruled on her motions for downward departure nor indicated whether the implicit denial of the motions was based on legal or discretionary grounds. She also argues that the District Court never acknowledged, or expressly ruled upon, two of her departure motions—for the compelling and extraordinary circumstance of her mother's death and for the loss enhancement overstating the seriousness of the offense.

We agree with the Government that Morice's four arguments for downward departure were based upon two factual allegations: (1) the defendant was sole caretaker for her children; and (2) she received a small amount of money relative to the amount of money her numerous victims lost as a result of her conduct. These were fully addressed at the sentencing hearing. Moreover, it is evident the District Court rejected the requests for downward departure on discretionary, not legal, grounds, a decision that is not reviewable on appeal. *See United States v. Jackson*, 467 F.3d 834, 842 (3d Cir.2006) (holding that courts of appeals have no authority to review discretionary denials of departure motions and that district courts' denials of departure motions are discretionary when the government concedes the "plausibility" of a downward departure).

Our decision in *United States v. Lofink*, 564 F.3d 232 (3d Cir.2009), on which Morice relies, is distinguishable. Here, the District Court participated actively in the sentencing proceeding, questioned Morice about her performance as a parent and her prior criminal history. The District Court further informed Morice that she had not convinced the court that a guidelines sentence was inappropriate. Thereafter, the District Court imposed a within guideline sentence. Based on the foregoing analysis of the facts and the law related to this case, it is reasonable to infer that the District Court exercised its discretion not to depart from the guidelines and rejected Morice's requests for downward departure.

We also reject Morice's argument that we must reverse because the District Court did not explain why it rejected her request for a downward variance but merely recited the § 3553(a) sentencing factors. She cites several cases in which we directed remand to the sentencing court because of what we deemed to be inadequate justification. Those cases either predate the Supreme Court's relevant decisions or involve sentences imposed outside the guidelines range. *See, e.g., United States v. Levinson*, 543 F.3d 190, 199 (3d Cir.2008) (district court varied downward from a range of 24–30 months imprisonment to a sentence of probation with little explanation); *United States v. Ausburn*, 502 F.3d 313, 331(3d Cir.2007) (district court's upward variance from guideline range of 57–71 months to 144 months required a more extensive explanation).

We need not detail the circumstances of those cases because we are informed by the Supreme Court's ruling in *Rita v. United States*, 551 U.S. 338, 127 S.Ct.

2456, 168 L.Ed.2d 203 (2007), that the district judge's explanation, while brief, was legally sufficient. In *Rita*, the defendant argued for a downward departure from the 33–41 month Guidelines sentence on the basis of his health, fear of retaliation in prison, and military record. *Id.* at 358, 127 S.Ct. 2456. The sentencing judge rejected the departure, stating merely that the guidelines range was not "inappropriate" and that the sentence at the bottom of the Guidelines range was "appropriate." *Id.* The Supreme Court acknowledged that the judge might have said more but found this explanation sufficient, noting that the record made clear that the court listened to each argument, considered the supporting evidence, and did not believe the law requires the judge to write more extensively. *Id.*

The decision in *Rita* governs Morice's case. The District Court heard, considered, and asked questions about Morice's arguments. The Court questioned Morice's counsel about her criminal history, her relationship with her children, and the amount of money that the Morice received as result of her criminal conduct, and then questioned Government counsel concerning these issues. In imposing sentence, the District Court stated it had considered all of the § 3553(a) factors, examined Morice's history and characteristics, alluded to her past criminal history, and declared: "In this case the sentence within the range established by the guidelines fulfills the purposes of sentencing that I have set forth above...." App. at 139. Indeed, we have stated that a less extensive explanation may be given when the sentence falls within a properly calculated Guidelines range. *Levinson*, 543 F.3d at 197; *see also United States v. Parker*, 462 F.3d 273, 278 (3d Cir.2006) (holding that district courts need not explicitly comment on every sentencing factor if "the record makes clear the court took the factors into account in sentencing").

Finally, because we believe our opinions provide adequate direction to the district courts regarding their obligation to consider a defendant's motive or request to depart from the sentencing guidelines and to provide a sufficient explanation that will enable us to exercise our obligation to engage in the reasonableness review, we reject Morice's suggestion that we establish a supervisory rule.

For the reasons set forth, we will affirm the judgment of the District Court.